UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1405 PSG (DTBx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | Monica Soto v. Wells Fargo Bank, N.A., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present     Not Present

**Proceedings:**    **(In Chambers) Order GRANTING Defendants' motion to dismiss**

      Before the Court is Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Federal Home Loan Mortgage Corp. ("Freddie Mac") (collectively, "Defendants") motion to dismiss *pro se* Plaintiff Monica Soto's ("Plaintiff") Complaint for failure to state a claim upon which relief could be granted. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motion, the Court GRANTS the motion.

I.     Background

      In August 2007, plaintiff Monica Soto ("Plaintiff") obtained a $280,000 home refinance loan that was secured by real property located in San Bernardino, California ("the Property").[1] *See Defendants' Request for Judicial Notice ("RJN")*, Ex. A. Plaintiff allegedly defaulted on the loan, and a notice of default was recorded against the Property. *Id.,* Ex. D (June 4, 2009 Notice of Default). Subsequently, on August 24, 2009, Plaintiff transferred her interest in the property to a trust composed of five individuals and two trusts (the "Trust"). *Id.,* Ex. F (Quitclaim Deed). On September 14, 2009, Defendants executed a trustee sale of the Property.

---

[1] Plaintiff obtained the loan from Mega Capital Funding, Inc. Mega Capital's beneficial interest was subsequently assigned to Wells Fargo Bank, N.A. ("Wells Fargo"), which was then assigned to the Federal Home Loan Mortgage Corporation ("Freddie Mac"). *RJN,* Exs. B, C.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#10**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1405 PSG (DTBx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | Monica Soto v. Wells Fargo Bank, N.A., *et al*. | | |

*Id.,* Ex. E (September 14, 2009, Notice of Trustee's Sale); the Property was ultimately sold via foreclosure sale on October 1, 2010. *Id.,* Ex. J.

On February 15, 2011, Plaintiff filed this suit against Defendants, asserting claims for, *inter alia*, violations of violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). *See* Dkt. #1. Plaintiff, in essence, alleges that Defendants made fraudulent representations and material omissions regarding the terms of the loan, such as failing to notify her of her right to rescind the loan. *Compl.* ¶ 1. In addition, she asserts that Wells Fargo intentionally hid documents and gave Plaintiff's broker fees or other incentives in exchange for the referral in violation of RESPA. *Id.* ¶ 17. On March 8, 2011, Defendants moved to dismiss Plaintiff's Complaint, calling it "another bad faith attempt to stall or challenge a foreclosure sale."[2] *Mot.* 8:3-4.

II.     Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal* , —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id*. In evaluating a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id*. at 1950. First, the Court must accept as true all non-conclusory,

---

[2] As Defendants note, after Plaintiff transferred her interest to a living trust, the beneficiaries of that trust filed a series of eight bankruptcy petitions. *See Mot.* 9:10-25 (listing cases). All of these actions were dismissed in less than three months. *Id.* In three such cases, the bankruptcy court granted Wells Fargo relief from the automatic stay, upon identifying the Trustee Debtor's actions as part of a scheme to defraud creditors. *RJN,* Exs. G – I ¶¶ 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**#10**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1405 PSG (DTBx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | Monica Soto v. Wells Fargo Bank, N.A., *et al*. | | |

factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc*., 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id*.

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider (a) documents that are "properly submitted as part of the complaint,"(b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* (internal quotations omitted).

III. Discussion

In bringing this motion, Defendants argue that the Complaint should be dismissed because Plaintiff fails to allege facts sufficient to support her claims, and because the majority of the claims are time-barred.[3] *Mot.* 8:11-15. As explained below, the Court agrees.

    A. Truth-in-Lending Act Claim

---

[3] Plaintiff timely filed a one paragraph opposition, declaring her intent to oppose Defendants' motion. *See* Dkt. # 14 (Mar. 16, 2011). She subsequently filed an amended opposition three days before this matter was set for hearing. *See* Dkt. # 19 (Order taking motion under submission and off-calendar); Dkt. # 20 (Plaintiff's amended opposition). Although the Court would not normally consider Plaintiff's untimely "amended" opposition, because Plaintiff is proceeding *pro se,* it will do so in this instance. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally including pro se motions as well as complaints.").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#10**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1405 PSG (DTBx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | Monica Soto v. Wells Fargo Bank, N.A., *et al*. | | |

The statute of limitations for a TILA damages claim is one year. 15 U.S.C. § 1640(e). The limitations period generally runs from the date of consummation of the transaction. *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986). Here, the loan at issue was consummated on the date of closing, August 28, 2007. Accordingly, Plaintiff's claim for TILA damages expired on August 28, 2008 – well over two years before this action was filed on February 15, 2011.

Plaintiff's claim for rescission of the loan under TILA is likewise defective. *Compl*. ¶ 27. TILA provides that where a defendant fails to make a "material disclosure" within the meaning of the statute, plaintiffs have a three-year period in which to seek rescission. 15 U.S.C. § 1635(f). Here, because Plaintiff obtained the loan on August 28, 2007, but did not file suit until February 15, 2011, this three-year limit bars Plaintiff's claim for rescission under TILA.[4]

Accordingly, the Court holds that Plaintiff fails to state a claim for damages or rescission of the loan under TILA. Plaintiff's first cause of action is therefore DISMISSED. Plaintiff has leave to amend the pleading to allege facts showing that the statute of limitations can be equitably tolled, if such facts can be truthfully alleged.

B.   Real Estate Settlement and Procedures Act Claim

Plaintiff's second cause of action asserts violations of RESPA, 12 U.S.C. § 2607, based on (1) Defendants' alleged failure to respond to a "Qualified Written Request" ("QWR"); and (2) allegedly improper payments of a yield spread premium.[5] *Compl*. ¶¶ 35, 16. As explained below, this claim fails on a number of grounds.

---

[4] Plaintiff's claim for rescission also fails on the additional ground that Plaintiff failed to demonstrate, or even allege, that she is willing and able to tender the proceeds of the loan at issue. *See Garcia v. Wachovia Mortg. Corp.*, 2009 U.S. Dist. LEXIS 99308, at *10-11, 20 (C.D. Cal. Oct. 14, 2009) ("Plaintiff must allege (subject to Rule 11) an ability to tender in order to state a claim for rescission under TILA and Regulation Z.").

[5] Plaintiff alleges that Wells Fargo gave fees to Plaintiff's mortgage broker in exchange for a referral. *Compl*. ¶ 17. Although Plaintiff's allegations are not entirely clear, the Court construes it as referring to a "yield spread premium." *See Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1320-21 (11th Cir. 2008) (noting that the "term 'yield spread premium' is used in the mortgage lending industry to refer to a type of payment from a lender to a mortgage broker paid in the context of brokered loan transactions.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**#10**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1405 PSG (DTBx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | Monica Soto v. Wells Fargo Bank, N.A., *et al*. | | |

First, like Plaintiff's TILA claim, her cause of action under RESPA is time-barred. Plaintiff's Complaint states that her RESPA claims are brought under Section 2607, which has a one-year statute of limitations. 12 U.S.C. § 2614. Accordingly, Plaintiff was required to assert this claim before August 28, 2008.

Moreover, while Plaintiff makes several allegations regarding Defendants' alleged failure to respond to or remedy errors discussed in Plaintiff's QWR, *Compl.* ¶¶ 31-36, Plaintiff fails to allege facts showing that she submitted an appropriate qualified written request. Among other things, RESPA requires a QWR to "include a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. 2605(1)(B)(ii). Here, Plaintiff does not adequately allege any facts showing reasons for her belief that the account was in error. Thus, because the Complaint fails to allege that she made an appropriate qualified written request under RESPA, Plaintiff fails to state a RESPA claim based on Defendants' alleged failure to respond to her QWR. *See, e.g., Pettie v. Saxon Mortgage Servs.*, No. C08-5089 RBL, 2009 WL 1325947, at *2 (W.D. Wash. 2009) (homeowners' letter did not constitute as a qualified written request under RESPA because the homeowners failed to provide any statement of reasons for their dispute of a loan amount); *Walker v. Equity 1 Lenders Group*, No. 09CV325 WQH, 2009 WL 1364430, at *5 (S.D. Cal. 2009) (dismissing RESPA claim where plaintiff made only conclusory allegations that a document constituted a QWR). Accordingly, Plaintiff's second cause of action is DISMISSED with leave to amend.

  C. <u>State Law Claims</u>

    1. *Cal. Bus. & Prof. Code § 17200 Claim*

Plaintiff further alleges that Defendants violated California Business & Professions Code § 17200 ("UCL"). *Compl.* ¶¶ 37-48. The UCL prohibits "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," as well as any act prohibited by California's false advertising statute. *See Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.*, 421 F.3d 981, 985 (9th Cir. 2005) (quoting Cal. Bus. & Prof. Code § 17200). An "unlawful" business act under Section 17200 is any business practice that is prohibited by law, whether "civil or criminal, statutory or judicially made ... federal, state or local." *McKell v. Washington Mutual, Inc.,* 142 Cal. App. 4th 1457, 1474, 49 Cal. Rptr. 3d 227 (2006) (citations omitted). A business practice is "unfair" when it "violates established public

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#10**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1405 PSG (DTBx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | Monica Soto v. Wells Fargo Bank, N.A., *et al*. | | |

policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *Id.* at 1473. "Fraudulent," as used in the UCL, "does not refer to the common law tort of fraud," but only requires a showing that members of the public "are likely to be deceived." *Puentes v. Wells Fargo Home Mortg., Inc.,* 160 Cal. App. 4th 638, 645, 72 Cal. Rptr. 3d 903 (2008) (internal quotation marks omitted).

Here, Plaintiff's UCL claim appears to be predicated on the same allegedly fraudulent conduct which formed the basis of Plaintiff's RESPA and TILA claims. Plaintiff expressly articulates that the "unlawful" prong of her UCL claim is based on a violation of RESPA. *Compl*. ¶ 39. For reasons previously discussed, the Complaint fails to state a plausible claim for violation of RESPA. Accordingly, Plaintiff fails to state a UCL claim for "unlawful" conduct on this basis. *See Krantz v. BT Visual Images*, 89 Cal. App. 4th 164, 178, 107 Cal. Rptr. 2d 209 (2001) (a UCL "unlawful" action is "incidental to and depend[ent] upon the validity (or invalidity) of the preceding claims for relief").

Further, to the extent Plaintiff articulates claims under the "unfair" or "fraudulent" prongs of the UCL (the Complaint is unclear in this regard), she has not alleged sufficiently specific facts to support these claims. The Complaint asserts that Defendants' "unfair, fraudulent deceptive acts and omissions and violations of state law are unfair business practices and constitute a violation of [Section 17200]." *Compl*. ¶ 40. Such conclusory allegations do not suffice to meet the pleading standards of Rule 8. *See Iqbal*, 129 S.Ct. at 1950. Accordingly, Plaintiff's claim for violation of the UCL is also DISMISSED with leave to amend.

      2.    *Quiet Title Claim*

Plaintiff's fourth cause of action for quiet title, *see Compl*. ¶¶ 49-55, is also deficient. California law is "settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 581, 205 Cal. Rptr. 15 (1984); *see also Rivera v. BAC Home Loans Servicing, L.P.,* CV 10-02439 2010 WL 4916405, at *7 (N.D. Cal. Nov. 22, 2010) ("Under California law, a borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property."). Here, because the Complaint fails to allege that Plaintiff has tendered, or has offered to tender, the debt secured by the Property, she is unable to state a claim for quiet title and/or wrongful foreclosure. *See Dooms v. Federal Home Loan Mortg. Corp.,* No. CV F

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

#10

| Case No. | CV 11-1405 PSG (DTBx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | Monica Soto v. Wells Fargo Bank, N.A., *et al*. | | |

11–0352 LJO, 2011 WL 1232989, at *18 (E.D. Cal. Mar.31, 2011) ("an action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes"). Accordingly, Plaintiff's fourth cause of action is DISMISSED with leave to amend.

        3.    *Injunctive Relief*

Plaintiff's final "cause of action" for injunctive relief, *see Compl.* ¶¶ 56-57, is also not cognizable. "Injunctive relief is a remedy and not, in itself, a cause of action." *McDowell v. Watson*, 59 Cal. App. 4th 1155, 1159, 69 Cal. Rptr. 2d 692 (1997) (internal quotations omitted). As such, a claim for injunctive relief cannot stand on its own. Rather, it must be "tethered to some independent legal duty owed by the defendant to the plaintiff." *Id.* Accordingly, because Plaintiff has failed to adequately allege claims upon which relief could be granted, her request for injunctive relief necessarily fails as well.

IV.    Conclusion

Thus, based on the foregoing, Defendants' motion to dismiss Plaintiff's Complaint is GRANTED. Plaintiff has until **May 27, 2011** to file an amended pleading in accordance with this Order. Failure to do so will result in dismissal of the claims with prejudice.

    **IT IS SO ORDERED.**